IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-03428-GPG

JUAN ELIAS LORENZO-JUAREZ,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

Respondents.

---

**ORDER**

---

This matter comes before the Court upon Petitioner's Motion to Enforce Order Granting Writ of Habeas Corpus (D. 10). The Court GRANTS the motion the following reasons.

On August 14, 2026, the Court issued an Order (D. 8) granting in part Petitioner Juan Elias Lorenzo-Juarez's Petition for Writ of Habeas Corpus (D. 1). After determining that Petitioner was provided a constitutionally deficient bond hearing before an immigration judge (IJ), the Court ordered Respondents to provide Petitioner with "a bond hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest" (D. 13 at 3). Pursuant to that order, a bond hearing before an IJ was held on August 21, 2026, and Petitioner was once again denied bond (D. 9). Petitioner argues that at this

second bond hearing, the IJ again incorrectly placed the burden of proof of Petitioner to prove that he is not a flight risk or danger to community (D. 10). Upon review of the IJ's written order, the Court ordered Respondents to respond to Petitioner's motion to enforce judgment and to specifically address the IJ's "reliance on Petitioner's likelihood of success for withholding removal as a basis for denial of custody" (D. 11). Instead, Respondents declined to submit a brief in opposition to Petitioner's motion, recognizing "that the Court may then decide to grant the motion and award appropriate relief" (D. 12 at 3).

Accordingly, pursuant to this Court's inherent authority to enforce its August 14, 2026, Order finding that Petitioner has not been granted a constitutionally sufficient bond hearing as required under § 1226(a), it is ORDERED that Petitioner shall be released from custody immediately, and Petitioner SHALL update this Court in writing upon his release. Respondents may continue to subject Petitioner to the same conditions as before his May 2026 re-detention but no more are warranted. As Respondents have not proven that by a preponderance that Mr. Lorenzo-Juarez is a flight risk or danger to community, there is no basis for imposing additional conditions.

It is FURTHER ORDERED that Respondents are prohibited from re-detaining Petitioner on the same grounds.

DATED August 28, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge